IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis LaPrell Dikes,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-15-08056-PCT-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Dennis LaPrell Dikes has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents assert that the Petition should be dismissed because Petitioner's claims are not cognizable on federal habeas corpus review. (Doc. 15 at 8.) Respondents alternatively argue that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (*Id.* at 10) Respondents also argue that Petitioner's claims are procedurally barred. (*Id.* at 16.) Petitioner has filed a reply in support of his Petition, in which he asserts that Respondents misconstrue his claims and that they are properly and timely before the Court. (Doc. 16.) For the reasons below, the Court recommends that the Petition be dismissed as untimely.

/ / /

/ / /

/ / /

I.      **Factual and Procedural Background**

     A.      **Charges, Guilty Plea, and Sentencing**

In March 2001, Petitioner was indicted in Navajo County Superior Court, Case No. CR2001-0192 for the following offenses: (1) kidnapping, a class two felony (Count One); (2) aggravated assault, a class three felony (Count Two); (3) escape in the first degree, a class four felony (Count Three); (4) assault, a class one misdemeanor (Count Four); (5) aggravated assault, a class six felony (Count Five); (6) endangerment, a class six felony (Count Six); and (7) threatening and intimidating, a class one misdemeanor (Count Seven). (Doc. 15, Ex. A.)

Pursuant to a plea agreement, on August 16, 2001, Petitioner pleaded guilty to Counts Two and Three of the indictment in Case No. CR2001-0192, and to one count of escape in the second degree, a class five felony, that was charged as count one in a separate case in Navajo County Superior Court, Case No. CR2001-0380. (Doc. 15, Ex. D.) In the plea agreement, Petitioner agreed to a term of imprisonment to be determined by the trial court, and that the sentences he received on these counts would run "consecutively to the term currently being served" for other matters. (*Id.*)

On August 31, 2001, the trial court accepted the guilty plea. (Doc. 15, Ex. E.) During the combined change of plea and sentencing hearing, the trial court confirmed that Petitioner understood that the plea agreement provided that his sentences would run consecutively to the sentences Petitioner was currently serving. (Doc. 15, Ex. W at 10.) During the hearing, Petitioner's counsel asked the trial court to impose concurrent, presumptive sentences on the aggravated assault and escape convictions, stating that "[w]ith [those sentences, Petitioner] will be in custody for about 17 years." (*Id.* at 20.) Before sentencing Petitioner, the trial court remarked that based on a statement of Petitioner's counsel, Petitioner "must have received approximately 10 years in [the] department of corrections on the other cases." (*Id.* at 24.) The court reminded Petitioner that any sentence it imposed "w[ould] not begin to run until [Petitioner was] done" serving those previous sentences. (*Id.*) The court then sentenced Petitioner to concurrent

prison terms of seven-and-one-half years on the aggravated assault conviction, two-and-one-half years on the first-degree escape conviction, and one-and-one-half years on the second-degree escape conviction.  (Doc. 15, Ex. F.)  The trial court further stated that these sentences were to be served "consecutive to any time the defendant is currently serving."  (*Id.*)  The trial court also ordered Petitioner to serve terms of community supervision after his custodial sentences.  (*Id.*)

### B. State Court Filings

Over eleven years later, on September 12, 2012, Petitioner filed in the trial court a "motion for clarification and order to comply/cases consolidated per plea agreement." (Doc. 15, Ex. G.)  In that motion, Petitioner asserted that the Arizona Department of Corrections (ADC) had "audited" his record and advised him that: (1) his sentences imposed pursuant to his guilty plea in Case No. CR2001-0192 were to "run consecutively to [his] 3 year term in [Case No.] CR99-000695, as that was the term currently being served by [Petitioner] at the time of sentencing on August 31, 2001"; and (2) Petitioner "was to be released in early 2012 to begin serving his terms of community supervision." (*Id.* at 2.)  Petitioner further alleged that after he filed a grievance about his sentences, the ADC "redacted" its prior statement that Petitioner would be released in early 2012, and "vindictively" rescheduled his release "from early 2012 to late 2018." (*Id.* at 3.) Petitioner requested that the trial court enter an order clarifying that his sentences were to run consecutively only to his sentence in Case No. CR99-000695, and ordering the ADC to comply with the court's August 31, 2001 sentencing order. (*Id.* at 3.)

The State requested a transcript of the August 31, 2001 sentencing hearing and an extension of time to file its response. (Doc. 15, Ex. H.)  The trial court granted the State's motion. (Doc. 15, Ex. I.)  Petitioner filed an "affidavit in support of notice of prejudice and motion to deny," reiterating his assertion that at the time of sentencing on August 31, 2001, he was serving a three-year prison term for a burglary conviction in Case No. CR99-000695, concurrently with a two-and-half year prison sentence on a drug

1    conviction in Case No. CR99-000593. (Doc. 15, Ex. J.) On November 8, 2012, attorney

2    Samuel Roser entered a notice of appearance on Petitioner's behalf. (Doc. 15, Ex. K.)

3          On December 27, 2012, the State filed a response to the motion for clarification,

4    attaching several exhibits, including the transcript of the August 31, 2001 change of plea

5    and sentencing hearing. (Doc. 15, Ex. L.) The State asserted that the ADC staff had

6    "erred in providing [Petitioner] with a projected [release date] of May 27, 2012," that the

7    error was "subsequently discovered during a routine audit of [Petitioner's] sentences,"

8    and that Petitioner's "correct release date is September 7, 2018." (*Id.* at 3.) In support of

9    these assertions, the State filed an affidavit from an ADC time-computation specialist.

10   (Doc. 15, exhibit A to Ex. L.) The State further argued that Petitioner's assertion that he

11   was entitled to have his 2001 sentences run consecutively with his three-year sentence in

12   Case No. CR99-000695, but concurrently with his sentence in Case No. CR99-000593,

13   would violate Arizona Revised Statute § 13-708 (1986).[1] (Doc. 15, Ex. L at 7.) The

14   State also noted that the sentencing transcript confirmed that Petitioner and his counsel

15   knew the sentences imposed by the trial court on August 31, 2001 ran consecutively "to

16   both [Case No.] CR1999–000695 and [Case No.] CR1999–000593." (*Id.*at 8.) The State

17   pointed out that at sentencing, Petitioner "actually corrected the court as to how many

18   years he must now serve before being released." (*Id.*; see Doc. 15, Ex. W at 27.)

19   Petitioner filed a reply on February 14, 2013. (Doc. 15, Ex. M.) On June 5, 2013, the

20   State filed a "notice of errata in response to motion for clarification of sentence of

21   imprisonment." (Doc. 15, Ex. N.) The trial court heard oral argument on Petitioner's

22   motion for clarification on June 10, 2013. (Doc. 15, Ex. O.)

---

[1] At the time of Petitioner's sentencing, Ariz. Rev. Stat. § 13-708 provided that "when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."

As the State later explained in its notice of errata filed in state court, this statute was renumbered in 2009 to Ariz. Rev. Stat. § 13–711(B), and the State's response to the motion for clarification had cited the current version of the statute instead of the former version applicable at the time of Petitioner's sentencing. (Doc. 15, Ex. N.)

- 4 -

On August 9, 2013, the trial court issued an order denying Petitioner's motion for clarification, explaining that the trial court in Case No. 2001-0192 sentenced him to concurrent prison sentences that were "consecutive to 'any time the Defendant is currently serving.'" (Doc. 15, Ex. P.) The court noted that at the sentencing hearing, Petitioner acknowledged that he had "21 years" left to serve from August 31, 2001. (*Id.*) The court rejected Petitioner's "contention that [the ADC's] clerical error showing an earlier release date which was later corrected should allow him that earlier release date." (*Id.*)

On August 28, 2013, Petitioner filed a "petition for review and request for expedited proceedings" in the Arizona Court of Appeals.[2] (Doc. 15, Ex. Q.) On March 5, 2015, the appellate court issued a memorandum decision dismissing the petition for review, because there was "no final decision on a petition for post-conviction relief" for the court to review pursuant to Rule 32.9(c) of the Arizona Rule of Criminal Procedure. (Doc. 15, Ex. T.) The State subsequently filed a motion for reconsideration, arguing that Petitioner's motion for clarification should be construed as a petition for post-conviction relief under Rule 32 and urging the court of appeals to accept jurisdiction over Petitioner's petition for review, which the appellate court denied. (Doc. 15, Exs. U, V.)

### C.  Federal Petition for Writ of Habeas Corpus

On April 22, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court asserting that he is being held in custody after the expiration of his sentences imposed in Case No. CR2001-0192. (Doc. 1 at 6.) Petitioner asserts that his 2001 sentences were to run consecutively only to the three-year sentence he was serving for a burglary conviction in Case No. CR99-000695, and he appears to argue that his sentences expired in late 2008, early 2009, or early 2012. (*Id.*) Thus, he asserts that the State is detaining him after the alleged expiration of his sentences in violation of the Double Jeopardy Clause (Ground One), the Eighth Amendment prohibition against cruel and

---

[2] In January 2015, Petitioner's petition for review was transferred from Division One of the Arizona Court of Appeals to Division Two. (Doc. 15, Ex. S.)

- 5 -

unusual punishment (Ground Two), the Equal Protection Clause (Ground Three), and the Due Process Clause (Ground Four). (Doc. 1 at 6-9.) Petitioner seeks "immediate release and discharge from custody." (Doc. 1 at 11.) As stated above, the State asserts several defenses to these claims, which the Court addresses below.

## II.     Cognizable Claims on § 2254 Federal Habeas Review

Respondents construe the Petition as alleging that the trial court erred by ordering Petitioner's sentences in the 2001 case to run consecutively to his existing prison sentences, and that the ADC erred in calculating Petitioner's release date. (Doc. 15 at 9.) Respondents argue that these issues are governed by Ariz. Rev. Stat. § 13-708 (1986) and by the interpretation of trial court's August 31, 2001 sentencing order and, thus are matters of state law that are not cognizable on federal habeas corpus review. Only claims that allege a violation of the federal Constitution, laws, or treaties are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

Upon review of the Petition, the Court concludes that Respondents reasonably construed Petitioner's arguments that his "sentence was unconstitutionally augmented" as challenging the trial court's application of Ariz. Rev. Stat. 13-708 and the court's order that Petitioner's sentences imposed in Case No. CR2001-0192 run consecutive to any sentence he was already serving. Respondents are correct that to the extent Petitioner argues that the trial court erred in imposing consecutive sentences in violation of Ariz. Rev. Stat. 13-708 (1986), that is a state law matter that is not cognizable on federal habeas corpus review. *See Souch v. Schriro*, 287 F.3d 616, 623 (9th Cir. 2002) (holding that habeas corpus relief was not available when state court imposed consecutive sentences without complying with Ariz. Rev. Stat. § 13-708); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding that the petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas proceedings). Although Respondents' interpretation of the Petition is reasonable,

as discussed below, Petitioner has clarified that he does not challenge the application of Arizona sentencing law, but rather, challenges his continued detention after the alleged expiration of his sentences. (Doc. 16.)

In his Reply, Petitioner asserts that "this case is not a case of state law application as Respondents claim." (*Id.* at 1.) He clarifies that his Petition challenges his continued detention in state custody after the expiration of his sentences in violation of his Fifth, Eighth, and Fourteenth Amendment rights. (*Id.*) The Petition repeatedly asserts that "Petitioner [is] being held in custody after the sentence imposed by the court [has] expired." (Doc. 1 at 6-9.) The sole relief Petitioner seeks is the "immediate release and discharge from custody." (*Id.* at 11.)

An alleged violation of constitutional rights, including the Due Process Clause or the Eighth Amendment, in connection with the calculation of a petitioner's sentence is cognizable on federal habeas corpus review. *See Moreland v. Virga*, 2012 WL 5838970, at *8 (E.D. Cal. Nov. 16, 2012) (rejecting the government's argument that petitioner's claim alleging the miscalculation of his sentence was not cognizable on § 2254 review); *see also Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985) (stating that the detention of a defendant beyond the termination of his sentence constitutes punishment under the Eighth Amendment and that detention beyond the expiration of a sentence may violate the Due Process Clause).

Additionally, § 2254 is the proper vehicle for a petitioner's claim that he is being held beyond the expiration of his sentence and that he is entitled to immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1972) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) (adopting the majority view that distinguishes between a federal prisoner's ability to resort to §2241 to attack the execution of a federal sentence and the structural differences in the habeas statutes that

1  renders a state prisoner's resort to § 2241 improper to challenge the execution of a state
2  sentence), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir.
3  2010). "Section 2254 is the exclusive avenue . . . to challenge the constitutionality of
4  [Petitioner's future state] detention, even when the petition only challenges the execution
5  of the sentence and not the underlying conviction itself." *Guillen v. Ryan*, 2010 WL
6  2790144, at *1 (D. Ariz. Jul. 14, 2010) (citing *White*, 370 F.3d at 1005, 1009).

Accordingly, the Court finds that Petitioner's claims that he is being detained beyond the alleged expiration of his sentence in violation of his Fifth, Eighth, and Fourteenth Amendment rights and that he is entitled to immediate release are cognizable on § 2254 review, and rejects Respondents' contrary argument.[3]

**III.   Timeliness of Petition**

Alternatively, Respondents argue that the Petition is untimely under the AEDPA one-year limitations period. (Doc. 15 at 10.) Petitioner disputes this assertion. (Doc. 16 at 3.) The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). "Section 2244(d)(1) 'contain[s] multiple provisions relating to the events that trigger its running.'" *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2561 (2010)). "The triggering events are the dates on which: direct review becomes final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'" *Id.* (quoting 28 U.S.C. § 2244(d)(1)(A)–(D)). The one-year statute of limitations begins running on the latest of those dates. *See* 28 U.S.C. § 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

/ / /

/ / /

---

[3] A finding that Petitioner's federal claims are cognizable on § 2254 review does not mean that those claims are meritorious.

**A.     Application of § 2244(d)(1)(A)**

Respondents argue that § 2244(d)(1)(A) applies and the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." (Doc. 15 at 11-12.) As discussed below, under that section, the limitations period expired on December 2, 2002.

By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. §13-4033(B). However, Petitioner could have sought review of his 2001 convictions and sentences in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review). Petitioner was sentenced on August 31, 2001. (Doc. 15, Exs. E, F.) Petitioner had ninety days in which to commence a Rule 32 of-right proceeding. *See* Ariz. R. Crim. P. 32.4; *Summers*, 481 F.3d at 715 (stating that "[t]o bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Rule 32 Petition . . . .") (citing Ariz. R. Crim. P. 32.4(a)).

Petitioner did not commence a Rule 32 of-right proceeding. Thus, Petitioner's conviction because final upon the expiration of the time for seeking review in a Rule 32 of-right proceeding, or on November 29, 2001. Accordingly, if Respondents are correct and § 2244(d)(1)(A) governs the commencement of the one-year statute of limitations, it would have expired on December 2, 2002 and the Petition would be untimely.[4] However, as discussed below, the Court finds that § 2254(d)(1)(D) supplies the starting date for the one-year limitations period, but the Petition is also untimely under that provision.

**B.     Application of § 2254(d)(1)(D)**

---

[4] One year after November 29, 2001 was November 30, 2002. However, because that was a Saturday, the Petition would have been due on December 2, 2002. *See* Fed. R. Civ. P. 6(a).

- 9 -

Under § 2254(d)(1)(D), the limitations period begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Respondents argue that Petitioner knew, or could have known, the factual predicate of his claims that his sentences were unconstitutionally augmented as of the date of his sentencing, August 31, 2001. (Doc. 15 at 11 n.8.) This argument is based on Respondents' characterization of the Petition as challenging the state court's order that Petitioner's sentences in Case No. CR2001-0192 run consecutively to any sentence Petitioner was already serving. As discussed in Section II, Petitioner does not challenge the trial court's sentencing order. Rather, he argues that he is being held after the alleged expiration of his sentences. Accordingly, the Court rejects Respondents' assertion that Petitioner could have discovered the factual predicate of his claim on August 31, 2001.

Rather, the Court concludes that, under § 2244(d)(1)(D), Petitioner was, or with the exercise of due diligence, could have been aware of the factual predicate of this claim no later than the date he believed his sentence should have expired. *See James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002); *see also Murphy v. Espinoza,* 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (concluding that, with the exercise of reasonable diligence, a § 2254 petitioner should have been aware of the factual predicate of his claim no later than the date he believes his sentence should have expired); *McLean v. Smith*, 193 F. Supp. 2d 867, 873 (M.D.N.C. 2002) ("[I]f at no other time, petitioner should have learned of any possible error . . . when, according to him, his two-year sentence should have expired but did not."). As discussed below, that date is not clearly established.

In his Petition, Petitioner asserts that "his 7.5 year term (imposed in Case No. CR2001-0192) expired in late 2008, early 2009." (Doc. 1 at 6.) He also asserts that "[o]n October 14, 2010, [he] filed a formal grievance[,]" and that, on October 18, 2010, the ADC "reinstated" his 2001 sentences "to run consecutively to the 12 year term he began serving on June 24, 2002." (*Id.*) The record also indicates that, in state court, Petitioner argued that the ADC calculated his release date as "early 2012," or as May 27,

- 10 -

2012. (Doc. 15, Exs. G at 2 and exhibit C; Ex. L at 3.) Based on the allegations in the Petition, it appears that Petitioner thought his release date was no later than early 2009. (Doc. 1 at 6.) However, the Petition and the parties' exhibits also suggest that Petitioner thought his release date was as late as May 27, 2012. On September 12, 2012, Petitioner filed a motion for clarification of his sentence in the state court arguing that the ADC had determined that he was to be released in "early 2012." (Doc. 15, Ex. G at 2.) Considering the lack of clarity regarding the date Petitioner believed his sentences expired, in an abundance of caution, the Court considers September 12, 2012 as the date on which Petitioner could have discovered the factual predicate of his claims because the September 12, 2012 filing indicates that Petitioner thought his sentences had expired no later than that date. Accordingly, under § 2254(d)(1)(D), the limitations period commenced the next day, on September 13, 2012, and expired one year later, on September 13, 2013, unless it was tolled.[5] Therefore, the pending Petition, filed April 22, 2015, is untimely unless tolling applies.

### 1. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

---

[5] Petitioner could not obtain federal habeas corpus relief until he exhausted his state remedies on the claims asserted in the Petition. Thus, the statute of limitations commenced when Petitioner could not yet obtain habeas corpus relief. However, the Ninth Circuit has explained that the "AEDPA contemplates that for habeas claims falling under § 2244(d)(1)(D), the statute of limitations will begin to run before the federal petition can be filed." *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003). The court has also clarified that date of the factual predicate for a claim under § 2244(d)(1)(D) is not dependent on when the petitioner complies the AEDPA exhaustion requirements. *Id.* at 1082. However, the limitations period is tolled while the petitioner's claim . . . is pending in state court." *Id.* at 1083.

As previously stated, on September 12, 2012, Petitioner filed in the trial court a "motion for clarification and order to comply/cases consolidated per plea agreement." (Doc. 15, Ex. G.) The trial court issued an order denying relief on August 9, 2013. (Doc. 15, Ex. P.) On August 28, 2013, Petitioner sought review in the Arizona Court of Appeals, which was denied on March 5, 2015. (Doc. 15, Ex. T.) Specifically, the appellate court dismissed the petition because "there was no final decision on a petition for post-conviction relief for [the court] to review pursuant to Rule 32.9(c) . . . ." (*Id.*) The appellate court explained that Petitioner "did not file a petition for post-conviction relief or otherwise attempt to bring his claims pursuant to Rule 32." (*Id.*) "Thus, no final decision as contemplated by Rule 32.9(c) is presented and there is nothing for us to review." (*Id.*) The State moved for reconsideration, arguing that the motion for clarification was the equivalent of a petition for post-conviction relief. (Doc. 15, Ex. U.) The appellate court denied the motion. (Doc. 15, Ex. V.) As discussed below, the motion for clarification was not an "application for State post-conviction or other collateral review" for purposes of § 2244(d)(2).

Rule 32 "was amended in 1975 . . . to consolidate several types of post-conviction writs, petitions, and motions into one comprehensive post-conviction remedy . . . ." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The Comment to Rule 32.1 states, in pertinent part, that:

> Under previous Arizona procedure, there were seven avenues for post-conviction relief: appeal, federal habeas corpus, Arizona habeas corpus, writ of coram nobis, motion for new trial or newly discovered evidence, motion to modify or vacate judgment (under Civil Rule 60(c)), and delayed appeal. Each had different mechanics, requirements and time limits. The unified procedure of Rule 32 . . . [c]onsolidates the last five avenues into a single comprehensive remedy.

Ariz. R. Crim P. 32.1 cmt.

Petitioner did not initiate post-conviction proceedings, unless his "motion for clarification" asking the court to clarify his sentences is considered a petition for post-conviction relief. (Doc. 15, Ex. G.) The trial court's order denying relief did not indicate whether it considered the motion for clarification a petition for post-conviction relief

under Rule 32. (Doc. 15, Ex. P.) However, the appellate court denied review of the trial court's order denying the motion to clarify because there was "no final decision on a petition for post-conviction relief" for the court to review pursuant to Rule 32.9(c). (Doc. 15, Ex. T.) The appellate court also denied the State's request that it construe the motion as a petition for post-conviction relief. (Doc. 15, Exs. U, V.)

Under these circumstances, Petitioner's September 12, 2012 motion for clarification of his sentence does not constitute a properly filed application for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Romero v. Gay*, 2007 WL 1875234, at *7 (D. Ariz. Jul. 3, 2007) (concluding that a petitioner's letter entitled sentence clarification was not an application for state post-conviction relief or other collateral review under § 2244(d)(2) and did not toll the AEDPA limitations period). Therefore, that motion did not toll the AEDPA statute of limitations and the limitations period expired on September 12, 2013. Thus, the Petition, filed on April 22, 2015, is untimely unless Petitioner establishes a basis for equitably tolling the limitations period.

### 2. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that prevented him from filing a timely federal habeas corpus petition. (Docs. 1, 16.) Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See*

*Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Accordingly, equitable tolling does not apply.

Because statutory and equitable tolling do not apply, the Petition is untimely and should be dismissed on that basis. Accordingly, the Court does not address Respondents' argument that Petitioner's claims are procedurally defaulted and bared from federal habeas corpus review.[6] (Doc. 15 at 18.)

## IV.   Conclusion

The Court concludes that Petitioner's constitutional challenge to his detention after the alleged expiration of his sentences is cognizable on federal habeas corpus review under § 2254. However, Petitioner did not file the pending habeas petition until after the statute of limitations expired and, therefore, the Petition is untimely. Because Petitioner has not presented any circumstance that would justify tolling the AEDPA statute of limitations, his § 2254 petition should be denied as untimely.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

---

[6] Upon review the record, it appears that Petitioner's claims could be considered unexhausted because he did not present them to the state court in a Rule 32 proceeding. However, even if the Court considered Petitioner's claims unexhausted, any Rule 32 proceeding commenced at this date could not toll the already expired limitations period. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."). Thus, permitting Petitioner to return to state court to try to exhaust his claims would not change the outcome of this § 2254 proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 30th day of September, 2015.

_____
Bridget S. Bade
United States Magistrate Judge