1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Dennis LaPrell Dikes,                        No. CV-15-08056-PCT-JAT

10                         Petitioner,             **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                         Respondents.

14

15        Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Doc.

16   1) ("Petition").  The Magistrate Judge to whom this case was assigned issued a Report

17   and Recommendation (Doc. 18) ("R&R"), recommending that this Court deny the

18   Petition.  Petitioner has filed objections to the R&R.  (Doc. 20).

19        This Court "may accept, reject, or modify, in whole or in part, the findings or

20   recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that

21   the district judge must review the magistrate judge's findings and recommendations *de

22   novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d

23   1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

24   F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes

25   that *de novo* review of factual and legal issues is required if objections are made, 'but not

26   otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

27   1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

28   [Magistrate Judge's] recommendations to which the parties object.").  District courts are

1    not required to conduct "any review at all . . . *of any issue* that is not the subject of an

2    objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

3    U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of

4    the [report and recommendation] to which objection is made.").   Thus, the Court will

5    review the portions of the R&R to which Petitioner objected de novo.

6          The R&R recommends that this Court find that the Petition in this case is barred

7    by the one year statute of limitations created by the Anti-Terrorism and Effective Death

8    Penalty Act ("AEDPA").   R&R at 8-14.   Absent tolling, the R&R concluded that the

9    statute of limitation for Petitioner to file his Petition expired on September 13, 2013.

10    R&R at 11.   Thus, absent tolling, the Petition in this case, which was filed on April 22,

11    2015, is untimely.

12          The R&R then concludes that Petitioner's "motion for clarification" that was

13    pending in state court from September 12, 2012 to March 5, 2015, does not qualify for

14    statutory tolling because it was not an "application for State post-conviction or other

15    collateral review" under 28 U.S.C. § 2244(d)(2).   R&R at 12.   Petitioner objects to this

16    conclusion and argues that his "motion for clarification" should be construed as one

17    under Arizona Rule of Criminal Procedure 32.   Objections at 5.   As the R&R correctly

18    notes, the Arizona Court of Appeals refused to treat Petitioner's motion for clarification

19    as an Arizona Rule of Criminal Procedure 32 petition.   R&R at 12-13.   This Court cannot

20    reclassify Petitioner's motion in state court in a way the Arizona Court of Appeals has

21    already rejected.   Therefore, the Court accepts the recommendation of the R&R, and

22    overrules Petitioner's objection, and finds that the "motion to clarify" did not entitle

23    Petitioner to statutory tolling of his statute of limitations.

24          Next, the R&R concludes that Petitioner is not entitled to equitable tolling of his

25    statute of limitations.   R&R at 13-14.   Petitioner makes no argument in his objections that

26    any extraordinary circumstance prevented him from timely filing in federal court.

27    Therefore, the R&R is accepted and adopted on this point.

28          Based on the foregoing, because the statute of limitations for filing this Petition

1    expired on September 13, 2013, and that date is not subject to tolling, the Petition in this

2    case, filed on April 22, 2015, is barred by the statute of limitations.

3           Alternatively, even if this Petition was not barred by the statute of limitations;

4    Petitioner failed to exhaust it because he did not present it to the state court's in a

5    procedurally correct manner.   Further, the time to exhaust has expired; thus, he has

6    procedurally defaulted the claim.  *See* R&R at 14 n.6.  Petitioner has not shown cause and

7    prejudice or actual innocence to overcome this default.   Therefore, the Court will deny

8    the claim for this alternative reason.

9           Finally, even if this Court were to consider the merits of this claim, Petitioner

10   would not be entitled to relief.  Petitioner's theory of relief has evolved at various stages

11   of these proceedings.  *See* R&R at 2-6 (recounting what Petitioner argued at the state

12   court verses what Petitioner argued in his Petition verses what Petitioner argued in his

13   Reply to the Petition); *see also* Objections at 1-4 (arguing another version of this claim).

14   In the state court, Petitioner argued that ADC miscalculated his release date and that the

15   state should be bound by that miscalculation because his release date was "vindictively"

16   audited and recalculated.  R&R at 3.  In his Petition, Petitioner seemed to argue that the

17   state court sentencing judge made an error of state law in calculating his sentence.  R&R

18   at 6.  After Respondents answered and argued that such a claim was not cognizable on

19   habeas as an error of state law, Petitioner in his Reply argued that his Fifth, Eighth and

20   Fourteenth Amendment rights are being violated because he continues to be in custody

21   after the expiration of his sentence.  R&R at 7.  As of his objections, Petitioner has

22   seemingly abandoned all of these theories and now argues that his original sentence was

23   inconsistent with his plea agreement and that he should be re-sentenced consistent with

24   the terms of his plea agreement.

25       In 2001, Petitioner entered into a plea agreement that resolved two cases: CR2001-

26   0192 and CR2001-0380.  As a result of that plea, Petitioner received a 7.5 year sentence

27   on Count II in CR2001-0192.  Doc. 15-1 at 83.  Petitioner received a 2.5 year sentence on

28   Count III in CR2001-0192, to run concurrent to the 7.5 year sentence on Count II.  *Id*.

1    Petitioner received a 1.5 year sentence in CR2001-0380, to run concurrent to the 7.5 and

2    2.5 years in CR2001-0192.  All of these sentences (which per the plea agreement were

3    concurrent to themselves) were to run consecutive to the term Petitioner was "currently"

4    serving in 2001 at the time of sentencing.  *Id*.

5            At the time of the 2001 sentencing, Petitioner was serving three sentences:  In

6    CR1999-0695, Petitioner had a 3 year sentence.  *Id.* at 84.  In CR 1999-0697, Petitioner

7    had a 2.5 year sentence that was running concurrent to Petitioner's 3 year sentence in

8    CR1999-0695.  *Id.* at 81-82.  In CR1999-0593, Petitioner had a 12 year sentence that was

9    consecutive to the 3 year sentence in CR 1999-0695 and the 2.5 year sentence in

10   CR1999-0697.  Petitioner's 2001 sentences were all consecutive to his 1999 sentences.

11   *Id.* at 83.

12           In his objections, Petitioner states: "Objection to the unreasonable determination

13   that Petitioner does not have a constitutional right to the enforcement of the promise

14   made by the prosecutor as part of the plea agreement to have the sentences run

15   consecutively to the term then currently being served…."  Objection at 2.  As far as the

16   Court can determine, Petitioner's argument is that the three 1999 convictions and

17   sentences for which he was incarcerated at the time of the 2001 sentencing are not the

18   "term" he was serving.  Instead, Petitioner argues that each 1999 conviction must be

19   broken out separately, and at the moment of his 2001 sentencing he was serving the 3

20   year portion of the 1999 sentences; therefore his 2001 sentence is consecutive to his 3

21   year sentence, but concurrent to his 12 year sentence.  This argument is inconsistent with

22   every part of the record.

23           First, the plea agreement itself said that the three 2001 sentences would be

24   concurrent to each other, but consecutive to Petitioner's current term.  Doc. 15-1 at 11,

25   lines 26-28.  Next, at sentencing, the sentencing judge was explicitly clear that (as was

26   required by Arizona law), Petitioner's sentence on the 2001 crimes would run

27   consecutive to the approximately 10 years Petitioner's was already serving. Doc. 15-1 at

28

Case 3:15-cv-08056-JAT   Document 21   Filed 02/18/16   Page 5 of 6

1  151-152.[1]  Further, when the 2001 sentencing judge said Petitioner would serve 16 more

2  years (the entire 1999 sentence with the consecutive 2001 7.5 year sentence), Petitioner

3  corrected the Judge and said, "Actually, 21 years."  Doc. 15-1 at 154.  To which the 2001

4  sentencing judge responded "21 years altogether.  I didn't know what you got in the other

5  case, I just presumed it might have been ten…."  *Id*.  Thus, both the Judge's intent and

6  Petitioner's understanding of his plea and sentence are absolutely clear.  Petitioner's

7  current argument that he believed his plea entitled him to a sentence that was consecutive

8  to only his 3 year 1999 sentence is so belied by the record that is completely without

9  merit.

10         Accordingly,

11         **IT IS ORDERED** that the Report and Recommendation (Doc. 18) is accepted as

12  to the recommendation that the Petition be denied on procedural grounds; alternatively

13  the Petition is denied on the merits; the objections (Doc. 20) are overruled; the Petition

14  dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22

23         [1] In fact, Petitioner was serving 15 years on the 1999 convictions.  However, at
24  Petitioner's request, the Court proceeded to sentencing the same day as the change of
   plea hearing and did not have the opportunity to do an exact calculation.  Nonetheless, it
25  is clear that the Court was running the 2001 sentence consecutive to all the 1999
   sentences, not only the three year one.  Doc. 15-1 at 151-53.  Moreover, the sentencing
26  court acknowledged that such a result was mandatory under Arizona law.  Doc. 15-1 at
   151 ((transcript of sentencing hearing) the Court stated: "These sentences must be
27  consecutive, not only because it's in the plea agreement, but because they are escape
   charges and the law mandates that they be consecutive.").  The 2001 sentencing judge
28  went on to state, "All three [2001] sentences are concurrent one with the other but
   consecutive to **any time** the defendant is currently serving."  *Id*. at 153 (emphasis added)
   (the pages of the transcript were filed out of order at original pages 25 and 26).

1    **IT IS FURTHER ORDERED** that, in the event Petitioner files a notice of

2   appeal, a certificate of appealability is denied because the Petition is barred by a plain

3   procedural bar and jurists of reason would not find this Court's procedural decision

4   debatable or wrong; further, Petitioner has failed to make a substantial showing of the

5   denial of a constitutional right.

6    Dated this 18th day of February, 2016.

7

8

9   _____

10   James A. Teilborg
     Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28